**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

AUDREY CARTER,                      :
                                    : Civil Action No. 11-1043(FLW)
          Plaintiff,                :
                                    :
                                    :
          v.                        :   **OPINION**
                                    :
NEW JERSEY STATE AND                :
UNEMPLOYMENT OFFICE, et al.,        :
                                    :
          Defendants.               :

**APPEARANCES:**

    AUDREY CARTER, Plaintiff pro se
    1701 Salem Road, Apt. N-12
    Burlington, New Jersey 08106

**WOLFSON, District Judge**

Plaintiff Audrey Carter (hereinafter "Plaintiff"), brings this action in forma pauperis, alleging that the named defendants discriminated against her while she was waiting in line at the unemployment office. (Plaintiff's Complaint, pg. 1). The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed in forma pauperis without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should

be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff brings this action against the following defendants: the New Jersey State Unemployment Office; New Jersey Attorney General Paula Dow; New Jersey Governor Christopher Christie; unnamed New Jersey Unemployment Security Officer and Unemployment Supervisor John (last name unknown). (Compl., pg. 1). Plaintiff alleges that, on February 16, 2011, the unemployment supervisor named "John" at the Yard Avenue, Trenton, New Jersey office, "discriminate[d]" against plaintiff while she was standing in the line waiting for her number to be called. Plaintiff states that she had visited the office more than six times and "John" harassed her each time. On February 16, 2011, "John" had a security officer tell plaintiff to leave the premises "for no reason." (Id.)

Plaintiff asks to be awarded damages in the amount of $600,000.00 for pain and suffering, differential treatment and discrimination. (Id.)

**DISCUSSION**

**A.  Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

4

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

6

>       the plaintiff has a "plausible claim for relief." [Id.]  In
>       other words, a complaint must do more than allege the
>       plaintiff's entitlement to relief.  A complaint has to
>       "show" such an entitlement with its facts.  See Phillips,
>       515 F.3d at 234-35.  As the Supreme Court instructed in
>       Iqbal, "[w]here the well-pleaded facts do not permit the
>       court to infer more than the mere possibility of misconduct,
>       the complaint has alleged-but it has not 'show [n]'-'that
>       the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
>       1949-50].  This "plausibility" determination will be "a
>       context-specific task that requires the reviewing court to
>       draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   Failure to State a Claim**

Plaintiff simply alleges that the unemployment supervisor "John" discriminated against her, but she fails to allege any facts to support a claim that the purported discrimination was based on age, race or gender.  This allegation is nothing more than a legal conclusion wholly unsupported by any factual allegation, which is insufficient to state a claim under Iqbal. See Iqbal, 129 S.Ct. at 1950.

Consequently, the Complaint will be dismissed, in its entirety, as against defendants, Unemployment Supervisor "John" and the John Doe Unemployment security officer(s), for failure to state a claim at this time.

## C. Claim Against Defendants Dow and Christie

It also appears that Plaintiff is asserting a claim of liability against New Jersey Governor Chris Christie and New Jersey Attorney General Paula Dow, on the sole basis that they have a supervisory capacity over the New Jersey State Unemployment Office employees.  The Complaint fails to allege any facts in support of a claim based on supervisor liability.  Accordingly, the Complaint should be dismissed as against defendants Christie and Dow pursuant to Iqbal.

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  See Iqbal, 129 S.Ct. at 1948; Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Robertson v. Sichel, 127 U.S. 507, 515-16 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").  In Iqbal, the Supreme Court held that

8

"[b]ecause vicarious or supervisor liability is inapplicable to Bivens[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.  Thus, each government official is liable only for his or her own conduct.  The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct.  Id., 129 S.Ct. at 1949.

Here, in the instant Complaint, there are no allegations of any wrongful conduct with respect to defendants Christie and Dow, other than their supervisory titles as Governor and Attorney General of the State of New Jersey.  Accordingly, any § 1983 claim must be dismissed as against these defendants.

**D.  Claim Against State of New Jersey and Unemployment Office**

Finally, the Complaint names the State of New Jersey and the State Unemployment Office as defendants in this matter.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

---

[3]  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Therefore, the Complaint will be dismissed with prejudice, in its entirety as against defendants, the State of New Jersey and the New Jersey State Unemployment Office, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**E.   Preclusion Order**

Alternatively, this Court concludes that this action should be dismissed because it was filed in violation of this Court's September 1, 2009 All Writs Injunction Order. See Carter v. New Jersey State, et al., Civil No. 09-3704 (FLW), Docket entry no. 6.

**CONCLUSION**

For the reasons set forth above, this Court will dismiss without prejudice Plaintiff's Complaint, in its entirety, as against defendants, Unemployment Supervisor "John" and the John Doe Unemployment security officer(s), Governor Christie and New Jersey Attorney General Dow, for failure to state a claim upon which relief may be granted.  Further, the Complaint will be dismissed with prejudice, in its entirety as against defendants, the State of New Jersey and the New Jersey State Unemployment Office, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  An appropriate Order accompanies this Opinion.


 S/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: October 5, 2011